hON REHEARING
We have granted the rehearing solely to address appellee’s argument that our holding will cause prescription to be interrupted in all claims for workers compensation that the employer files the Employer’s First Report of Injury, form number LDOL-WC-1007. We intended no such result and consequently elaiify our holding to apply solely to the particular facts of this case.
Here, the injured party was also the manager of the business. As manager, it was his responsibility to fill-out and mail the appro *1021 priate form (1007) to notify the workers compensation office that an injury had occurred. Although he filled out the wrong form (1007) to assert a claim, it is clear from the form and the letters that he filed with the form and subsequently, that he intended and believed that he had filed the necessary documents to interrupt prescription. Workers Compensation claimants are treated with liberality in consideration of the litigation rights that they have given up in exchange for a speedy resolution of their claims for injuries. We do not believe that a technical interpretation of pleadings serves the interest of the worker or the employer. Thus, we will not reverse or modify our decree.
Accordingly, we affirm our decision, reversing the judgment granting the exception of prescription. Further, we dismiss the case for failure to state a cause of action and remand the matter to allow plaintiff an opportunity to amend the petition to state a cause of action, if he can, within the delays to be set by the trial judge.
/s/ James L. Cannella JAMES L. CANNELLA Judge
/s/ Thomas J. Kliebert THOMAS J. KLIEBERT Judge
/s/ Edward A. Dufresne, Jr. EDWARD A. DUFRESNE, Jr. Judge